**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

JULIETTE YAXI LIANG,

      *Plaintiff*,

    v.

L'AMBASSADE DE FRANCE AUX USA,

      *Defendant*.

Civil Action No. 26-158 (RDM)

**<u>MEMORANDUM OPINION AND ORDER</u>**

This matter comes before the Court on review of Plaintiff's *pro se* civil complaint, Dkt. 1 (Compl.).  For the following reasons, the Court will dismiss the complaint without prejudice.

A *pro se* litigant's pleadings are held to less stringent standards than the standard applied to formal pleadings drafted by lawyers.  *See Haines v. Kerner*, 404 U.S. 519, 520 (1972).  Even *pro se* litigants, however, must comply with the Federal Rules of Civil Procedure.  *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987).  Rule 8 of the Federal Rules of Civil Procedure requires that a complaint contain a short and plain statement of the grounds upon which the Court's jurisdiction depends, a short and plain statement of the claim showing that the pleader is entitled to relief, and a demand for judgment for the relief the pleader seeks.  Fed. R. Civ. P. 8(a).  The purpose of the minimum standard of Rule 8 is to give fair notice to the defendants of the claim being asserted, sufficient to prepare a responsive answer, to prepare an adequate defense and to determine whether the doctrine of *res judicata* applies.  *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977).

Plaintiff's complaint fails to comply with the minimal pleading standard established by Rule 8.  The complaint purports to invoke the Court's federal question jurisdiction under 28

U.S.C. § 1331, but it does not identify a specific statute to serve as the basis for the claim.

Instead, the complaint merely lists a series of titles (but not sections) of the U.S. Code, without

reference to any individual provision or explanation of how those varied titles relate to the claims

at issue.  Dkt. 1 at 3 (Compl.).  In the "Statement of Claim" portion of the complaint, Plaintiff

includes general allegations that are difficult to parse, but which appear to concern alleged

misfeasance by Chinese spies and the loss of a French ID.  *Id.* at 4 (Compl.).  Those allegations

are too vague and conclusory to identify a basis for this Court to exercise jurisdiction over the

matter, to state any discernible legal claims, or to put a defendant on reasonable notice of the

basis of the claims against them.  Moreover, to the degree that Plaintiff intends to assert a

sweeping conspiracy involving Chinese espionage, sex trafficking, and the French Embassy in

Washington, D.C., such "essentially fictitious" claims "that allege 'bizarre conspiracy theories'"

are an insufficient basis to invoke this Court's subject matter jurisdiction, and merit dismissal

under Federal Rule 12(b)(1) as well as Rule 8.  *Curran v. Holder*, 626 F. Supp. 2d 30, 33

(D.D.C. 2009) (quoting *Best v. Kelly*, 39 F.3d 328, 330 (D.C. Cir. 1994)).

      The Court will, therefore, dismiss Plaintiff's complaint without prejudice for lack of

jurisdiction or, in the alternative, for failure to state a claim.

      **SO ORDERED**.

                        /s/ Randolph D. Moss
                        RANDOLPH D. MOSS
                        United States District Judge

Date:  March 2, 2026